**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| M.N., individually and on behalf of her minor child, A.B., <br><br>         Plaintiff - Appellant, <br><br>   v. <br><br> STATE OF HAWAII, DEPARTMENT OF EDUCATION and KATHRYN MATAYOSHI, in her official capacity as Acting Superintendent of the Hawaii Public Schools, <br><br>         Defendants - Appellees. | No. 11-18037 <br><br> D.C. No. 1:11-cv-00121-SOM-BMK <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Submitted February 11, 2013[**]
Honolulu, Hawaii

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

---

    [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**] The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Plaintiff M.N. appeals the district court's ruling that she was not entitled, under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400–1482, to reimbursement for her unilateral placement of her child in a particular private school. Reviewing "de novo the appropriateness of a special education placement," C.B. ex rel. Baquerizo v. Garden Grove Unified Sch. Dist., 635 F.3d 1155, 1159 n.1 (9th Cir.), cert. denied, 132 S. Ct. 500 (2011), we affirm.

1. Plaintiff is "entitled to reimbursement only if a federal court concludes both (1) that the public placement violated the IDEA, and (2) that the private school placement was proper under the [IDEA]." Id. at 1159 (alteration in original) (internal quotation marks omitted). It is undisputed at this stage of the proceedings that the public placement violated the IDEA; therefore, the only issue is whether Plaintiff's placement of her child in the private school was "proper."

A placement is "proper" if it "'provides educational instruction specially designed to meet the unique needs of a handicapped child, supported by such services as are necessary to permit the child to benefit from instruction.'" Id. (quoting Frank G. v. Bd. of Educ., 459 F.3d 356, 365 (2d Cir. 2006)). In C.B., we upheld full reimbursement where a private program "provided significant educational benefits," even though it did not meet all the child's needs. Id. (emphasis added). But here, the educational benefits conferred were meager. The

2

record reveals a host of essential areas in which the child made no progress at all after more than a year in the private placement.  Therefore, the district court did not err when it concluded that the private placement was not proper.

2.  Alternatively, the district court did not abuse its discretion when it denied reimbursement on equitable grounds.  See Forest Grove Sch. Dist. v. T.A., 523 F.3d 1078, 1084 (9th Cir. 2008) (reviewing for abuse of discretion a district court's determination under principles of equity to grant or deny reimbursement for private school tuition), aff'd, 557 U.S. 230 (2009).  There was evidence in the record that both the private school and Plaintiff hindered the development of the child's Individualized Education Program through their uncooperativeness with public school officials.  Therefore, the district court did not abuse its discretion.

**AFFIRMED.**